UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR A. TAVARES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-419WES |
| | : | |
| DIRECTOR COYNE-FAGUE; | : | |
| DEPUTY DIRECTOR KETTLE; | : | |
| GRIEVANCE COORDINATOR | : | |
| GALLIGHER; WARDEN ACETO; | : | |
| CAPTAIN HAIBON, | : | |
|     Defendants. | : | |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge.

    Plaintiff Victor A. Tavares, a prisoner at the Adult Correctional Institutions ("ACI"), has filed a *pro se* complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against various officials of the Rhode Island Department of Corrections ("RIDOC") in their official and individual capacities. He alleges that he is being unlawfully confined at the ACI past the correct expiration of his sentence, which should have ended several months ago. He claims that Defendant Haibon, with malicious intent, altered RIDOC records to add eighteen months to his sentence by creating a fictitious third Count, removing the commitment dates and inputting retroactive dates, thereby eliminating credit for time served. ECF No. 1 ¶ 13 ("Compl."). To cover the element of exhaustion of state remedies, he points to his unsuccessful filing of a grievance pursuant to the ACI's grievance process. Id. ¶ 15. For remedies, Plaintiff asks this Court to correct the sentence to reflect that the commitment date was July 17, 2015, to delete the fictitious third Count, to remove the "retro dates," and to provide credit for time served on each of the two Counts of conviction. He also requests compensatory and punitive damages.

Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis (the "IFP Motion"), ECF No. 2, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Based on my review of the IFP application and the prisoner trust fund account statement, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the Complaint survives screening, I will grant the IFP motion and calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that it be summarily dismissed.

I.  BACKGROUND

This is the third filing in this Court since January 2018 in which Plaintiff complains of the Superior Court's handling of the probation violations in his criminal case, Superior Court Case No. P1-2006-0506B, or RIDOC's calculation of the resulting sentence. Collectively, these filings, including the instant § 1983 Complaint, tell a complicated and confusing story regarding travel of the matter. What follows is an attempt to make sense of it.[1]

It appears to begin in this Court with Tavares v. Kilmartin, C.A. 18-08JJM, a § 1983 case filed in January 2018 ("Kilmartin"). In Kilmartin, Plaintiff alleged that he had been convicted in 2007 of two state law claims (robbery and conspiracy), nominated as Counts 1 and 4. Then, in 2015, he was found to have violated his terms of probation. According to the complaint in this first § 1983 case, Plaintiff claimed the resulting sentence of five years to serve on both Counts violated his rights to due process and under the Eighteen Amendment and the prohibition on

---

[1] As with all filings by *pro se* litigants, Plaintiff's pleading has been read with leniency. Diaz v. Wall, C.A. No. 17-94 WES, 2018 WL 1224457, at *3 (D.R.I. Mar. 8, 2018). A proposed claim by a *pro se* litigant is held to a less stringent standard than formal pleadings drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 99 (1976).

Bills of Attainder.  18-08 ECF No. 1 ¶¶ 9-11.  Because his complaint recited that he received a hearing before Justice Krause of the Rhode Island Superior Court, it was dismissed at screening on January 31, 2018, for failure to state a claim.[2]  18-08 ECF No. 7.

In sequence, next (on August 17, 2018), Plaintiff alleges that he appeared again in the Superior Court, this time before Superior Court Justice Matos.  In the instant Complaint, he claims that, as a result of this hearing, the violation sentence was "amended," to three-and-one-half years to serve with credit for time served.  Compl. ¶ 12.  However, he also alleges that the amendment applied only as to Count One of Docket No. P1-2006-0506B.

The next related filing in this Court was a Motion for Leave to Supplement filed in Tavares v. Macomber, C.A. No. 18-606-WES ("Macomber").[3]  In Macomber, Plaintiff's Motion sought to add a new claim and new defendant to an existing case.  The requested supplementation was based on the allegation that the Justice Matos sentence had been incorrectly entered into RIDOC's database, thereby extending Plaintiff's sentence by eighteen months.  Attached to the Macomber Motion is the Justice Matos Judgment of Conviction; contrary to Plaintiff's allegation that it merely amended (by reducing) his sentence on Count One of Docket No. P1-2006-0506B, it appears to reflect judgment for a violation with the imposition of three-and-one-half years.  18-606 ECF No. 34-1 at 1.  Except for the reference to Superior Court Docket No. P1-2006-0506B, there is no indication that it is an amendment to a prior judgement.  Also attached to the Motion is the ACI entry, which appears correctly to reflect the Justice Matos Judgment of Conviction in RIDOC's Inmate Sentence Information tracking system.  Id. at 1-3.

---

[2] Plaintiff appealed, and the First Circuit summarily affirmed.  18-08 ECF No. 22.

[3] Macomber is a § 1983 prison conditions case alleging that Plaintiff was subjected to the inappropriate destruction of his court clothes, the unnecessary use of "riot spray," excessive disciplinary confinement, the loss of good time credit, and the deprivation of proper hygiene, food and footwear, as well as that he was forced to sleep with the lights on.  18-606 ECF No. 24 ¶¶ 9-11, 13-19, 34.

In addition to the Justice Matos Judgment of Conviction and related ACI data entry, the Macomber Motion also includes Plaintiff's correspondence regarding his grievance dated March 3, 2019, which he presented to establish exhaustion of available state remedies. Id. at 4. In the grievance itself, Plaintiff claimed that a "fictitious charge" was added to his sentence; it asked that RIDOC correct its record regarding the length of Plaintiff's sentence. Id. Responding to the grievance, RIDOC informed Plaintiff that the entry does not reflect a "fictitious charge," as well as (pertinent to whether the grievance exhausted available remedies) that matters related to court decisions are not grievable. Id. In a more detailed response that followed on April 25, 2019, RIDOC officials advised Plaintiff that his sentence was properly calculated and that his concern about the sentence imposed by the Justice Matos Judgment of Conviction is a "non-grievable area[] of facility life." Id. at 5. Plaintiff also received a memorandum from "Records and ID." Id. at 6. It states in relevant part:

> The courts must be specific with a retro date or block of time. "Credit time served" will not get you AT time while sentenced on another sentence. He must have the courts be specific, his attorney can ask for the GT and if granted a new document will be forwarded to us.

Id.

In Macomber, Plaintiff failed to allege that he followed the advice in this "Records and ID" memorandum – that is, the Macomber Motion includes no allegation that Plaintiff did anything other than make a grievance through the ACI's grievance process. Specifically, there is no suggestion that Plaintiff has ever returned to the Superior Court to ask Justice Matos to clarify the error (if any) in the Justice Matos Judgment of Conviction.

This Court denied the Macomber Motion to Supplement for two reasons. First, the Court found that it improperly sought to inject an entirely new and unrelated claim into an existing case. More importantly, the Court based the denial of the Motion on the finding that the

proposed claim was futile. 18-606 ECF No. 43 at 5-7.[4] The Court held that, because the core of Plaintiff's new claim concerned the duration of his confinement and he was not seeking money damages, the proposed claim must be treated as a habeas corpus petition pursuant to 28 U.S.C. § 2254. 18-606 ECF No. 43 at 5 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); Whitman v. Ventetuolo, 25 F.3d 1037, 1994 WL 246063, at *1 (1st Cir. June 7, 1994) (per curiam) (when claimant "seeks to shorten the duration of his confinement, the district court correctly found that such relief is cognizable only in federal habeas corpus, with its concomitant requirement of exhaustion of state remedies")). Because a prisoner may bring such a claim to federal court only after all applicable state-law remedies have been properly exhausted, the Court held that the documents Plaintiff had attached to the Motion made clear that his exhaustion obligation was not satisfied by the filing of the grievance. Rather, a claim related to the length of the sentence is a matter set by "laws, regulations, and/or court decisions" that is not covered by the Rhode Island grievance system. Id. at 6. Accordingly, the Court found the proposed supplementation failed to state a claim because of Plaintiff's failure to exhaust applicable state remedies. Id. at 6-7. The Motion was denied.

Undaunted, less than two months later, Plaintiff filed the instant Complaint. It does not purport to be a habeas petition. Rather, it makes the same futile § 1983 claim that he tried to inject into Macomber when he made the Motion to Supplement. It also makes the same allegation that state remedies were exhausted based on the same grievance that was found to be

---

[4] The decision is also available at Tavares v. Macomber, C.A. No. 18-606WES, 2019 WL 2502933, at *1 (D.R.I. June 17, 2019).

5

insufficient in Macomber.  It still lacks any allegation that Plaintiff has returned to the Superior Court to ask Justice Matos to clarify the "retro date" (as was suggested to him in the memorandum attached to the Macomber Motion to Supplement) nor does it claim that Plaintiff has ever sought relief from the allegedly erroneous sentence pursuant to established state procedures.  The new § 1983 case differs from the Macomber Motion to Supplement denied as futile only in that Plaintiff has added a claim for money damages and has named other RIDOC officials, not just Captain Haibon.

## II.    STANDARD OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  In addition, a viable complaint must satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a-b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.  Federal district courts are limited to exercising jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a).

## III. ANALYSIS

Just as when he tried to assert the same claim in Macomber, the new Complaint fails to state a claim in that it alleges an unexhausted collateral attack on Plaintiff's state-imposed sentence. As before, with no suggestion that he can satisfy the essential element that all available state law remedies have been exhausted, Plaintiff has clothed in the trappings of § 1983 a claim for habeas corpus relief that is not facially plausible. Because it fails to state a claim, it should be summarily dismissed. Aljammi v. Wall, No. C.A. 09-375, 2009 WL 3615977, at *1 (D.R.I. Oct. 30, 2009) (rejecting § 1983 claim alleging plaintiff unlawfully held longer than actual sentence).

Plaintiff's addition of a prayer for money damages does not save the day. Such a claim is barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 487-88 (1994), as recently reaffirmed in McDonough v. Smith, 139 S. Ct. 2149 (2019). Pursuant to Heck, before Plaintiff may recover damages for an allegedly unconstitutional imprisonment, he must show that there was a favorable termination to the underlying conviction.[5] That is, he may not bring a claim for money damages in a civil suit for a matter that is within the domain of habeas corpus based on a criminal conviction unless and until the criminal proceeding have ended in his favor. Heck, 521 U.S. at 486-87; see McDonough, 139 S. Ct. at 2157-58. Plaintiff's damage claim for wrongful imprisonment will not be viable (if ever) until he has successfully challenged the length

---

[5] The Heck rule is often referred to as the "Favorable Termination Rule."' See e.g., DeWitt v. Wall, 121 F. App'x 398, 399 (1st Cir. 2004). In Heck, the Supreme Court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

7

of the sentence in state court, including, if necessary, in a habeas proceeding in federal court after the state court remedies have been exhausted.[6]

## IV. CONCLUSION

It may well be that the Superior Court erred in the way that the Judgment of Conviction based on the hearing before Justice Matos on August 17, 2018, was filled out. If so, Plaintiff's remedy is obvious: he must return to the Superior Court to seek relief from the error and avail himself of all state remedies to accomplish that result. So far, his federal filings continue to fail to allege that he has done so. Based on the foregoing, I recommend that Plaintiff's complaint be summarily dismissed for failure to state a claim because it fails to state a viable habeas corpus claim due to its failure to allege exhaustion of applicable state remedies, as well as because, to the extent that it claims money damages, it is Heck-barred. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A. Because this is Plaintiff's second time asserting the same claim, I do not recommend that he be afforded an opportunity to amend. Rather, I find that the complaint is "patently meritless and beyond all hope of redemption." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013).[7]

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

---

[6] As held in McDonough, the statute of limitations on the § 1983 damage claim does not begin to run until the sentence is vacated. McDonough, 139 S. Ct. at 2157-58.

[7] A caution: if this recommendation is adopted, Plaintiff will have a third strike, bringing him to the point where IFP status may become unavailable to him unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Martinez v. Duffy, C.A. No. 18-21WES, 2018 WL 1224458, at *1 (D.R.I. Mar. 8, 2018) ("IFP status is not available to a prisoner who has brought three or more cases that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted."). His other strikes are Kilmartin and Tavares v. R.I. Superior Court, C.A. No. 19-291, slip op. (ECF No. 6) (D.R.I. Aug. 21, 2019).

8

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 22, 2019